IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUE A. GOOD,

**Plaintiff,**

v.

**MAXIM HEALTHCARE SERVICES, INC.,**

**Defendant.** No. 09-0146-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Plaintiff Good's motion to remand action to state court (Doc. 3). Good argues that it is well established that a cause of action for wrongful or retaliatory discharge for pursuing rights under the Illinois Worker's Compensation Act is not removable under 28 U.S.C. § 1445(c) and that the Court lacks diversity jurisdiction as Maxim Healthcare Services, Inc. ("Maxim") has failed to establish that the amount in controversy has been met. Maxim counters that Good's argument that her claim is not removable has been rejected by the Seventh Circuit and that the amount in controversy does exceed $75,000 (Doc. 11). After carefully reviewing the pleadings and the applicable case law, the Court denies Good's motion.

On January 30, 2009, Sue A. Good filed a one-count complaint against her former employer Maxim in the Circuit Court of St. Clair County, Illinois (Doc. 2-2). Good's complaint alleges that Maxim wrongfully discharged her for filing a claim for

benefits under the Illinois Worker's Compensation Act, 820 ILCS 305/1, et seq., ("the Act"). Specifically, Good's complaint alleges that she was injured at work and that Maxim terminated her employment in retaliation for having pursued her rights under the Act. Good seeks damages in excess of $50,000, plus punitives and costs of suit.

On February 25, 2009, Maxim removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § § 1332, 1446 (Doc. 2). Thereafter, Good filed her motion to remand; Maxim filed its response and Good filed a reply. As the motion is fully briefed, the Court addresses the motion.

## II. <u>Analysis</u>

As to Good's argument that 28 U.S.C. § 1445(c) prevents the removal of this action, the Court finds that **Spearman v. Exxon Coal USA, 16 F.3d 722 (7th Cir. 1994)** controls this case. In **Spearman**, the Seventh Circuit rejected the same argument asserted by Good holding:

> Our view that the tort of retaliatory discharge is not a worker's compensation law is supported by the fact that, as a matter of federal law, worker's compensation laws provide limited no-fault compensation for an injury; this limit on damages is in exchange for the elimination of general tort rules and defenses. *See Larson, Workmen's Compensation* § 1.10 (desk ed. 1986). The Illinois tort of retaliatory discharge lacks, for purposes of § 1445(c), the essential elements of a worker's compensation law. 823 F.2d at 1039 n. 9. That federal law supplies the definition of "workmen's compensation laws" is beyond doubt. *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972); *Standard Oil Co. v. Johnson,* 316 U.S. 481, 483, 62 S.Ct. 1168, 1169, 86 L.Ed. 1611 (1942); *Burda v. M. Ecker Co.,* 954 F.2d 434, 437 (7th Cir. 1992). A state could not prevent removal of ordinary tort cases by calling its common law of torts a "workmen's compensation law." *Lingle,* 823 F.2d at 1039. Our

conclusion that the *Kelsay* tort lacks the essential no-fault element of workers' compensation laws stands untouched by the Supreme Court's analysis in *Lingle*-and we continue to believe that it is correct.

**Spearman, 16 F.3d at 724**. Good, in her reply brief, concedes that her counsel failed to discover the Seventh Circuit's decision in **Spearman**, however, Good urges the Court not to follow **Spearman** and cites to several cases that disagree with the holding in **Spearman**. While the Court appreciates counsel's advocacy for his client, obviously, the Court is bound by **Spearman**. Thus, the Court denies Good's motion to remand based on this issue. Next, the Court addresses whether it has subject matter jurisdiction.

As stated previously, Maxim removed this case of the basis of diversity jurisdiction. The removal statute, **28 U.S.C. § 1441,** is construed narrowly and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. **See *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).** "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.' " ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)** (citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir.1997) (citations omitted)**. The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable. ***St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938).**

When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. **Id. at 291-92.** "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. ***Barbers, Hairstyling for Men & Women, Inc. v. Bishop,* 132 F.3d 1203, 1205 (7th Cir. 1997) (citing *St. Paul Mercury,* 303 U.S. at 289).** However, a plaintiff "may not manipulate the process" to defeat federal jurisdiction and force a remand once the case has been properly removed. ***Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir. 1993) (citations omitted)**.

If the Plaintiff's prayers for relief do not specify a monetary amount, "the [C]ourt may look outside the pleadings to other evidence of jurisdictional amount in the record." ***Chase,* 110 F.3d at 427 (internal citations omitted)**. Yet, the Court

must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." **Id. (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992))**. In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." ***Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993))**. Refusing to stipulate that the damages sought were $75,000 or less at the time of removal creates the inference that a plaintiff believes her claim(s) could be worth more. ***Workman v. United Parcel Service, Inc.*, 243 F.3d 998, 1000 (7th Cir. 2000)**. If little information is provided as to the value of a plaintiff's claims from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. " ***Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004))**. Once subject matter jurisdiction has been established, it can only be defeated if a plaintiff presents "to a legal certainty that the claim [was] really for less than the jurisdictional amount" at the time of removal. **Id. (citations omitted)**.

      In determining whether a remand is warranted in this case, the Court must look at whether the allegations of Plaintiff's Complaint show that the amount in controversy exceeds $75,000. If the allegations are not specific, the Court must then look to whether Defendant's estimate of the amount in controversy in this case was

"plausible and supported by a preponderance of the evidence."

Here, Good alleges that she had sustained "lost wages, benefits and bonuses" and "embarrassment, humiliation, emotional distress and loss of reputation and standing in the community" as a result of her wrongful discharge. (Doc. 2-2). She is seeking in excess of $50,000, plus punitive damages and costs of suit. Attached to her complaint, is an affidavit by her counsel stating that the damages sought by Good do exceed $50,000. (Doc. 2-2). Given the allegations and what is at stake – lost wages and punitive damages -the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established. The Court concludes that it has diversity jurisdiction over Good's cause of action.

### III. Conclusion

Accordingly, the Court **DENIES** Good's motion to remand action to state court (Doc. 3).

**IT IS SO ORDERED.**

Signed this 16th day of April, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**