IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SUE A. GOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-146 DRH |
| | ) | |
| MAXIM HEALTHCARE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**HIPAA QUALIFIED PROTECTIVE ORDER**

This matter is before the Court on the Motion for a Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320(d), filed by Defendant Maxim Healthcare Services, Inc. ("Maxim"), on May 13, 2009 (Doc. 19). The motion is **GRANTED**.

Defendant Maxim seeks a protective order to disclose the health information of non-party patients of Defendant. Defendant states that such information is relevant to the question whether Plaintiff Sue Good was terminated for legitimate reasons involving falsification of patients' medical records. Maxim is a "covered entity" as that term is defined under HIPAA. The protective order would limit the dissemination of confidential patient health information. Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material. The Defendant stipulates that the medical records will be used only for the purposes of this litigation, and that a protective order will secure patients' protected health information from unauthorized disclosure. The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information, and that entry of this Order is appropriate pursuant to Federal Rule of Civil Procedure 26(c).

Accordingly, IT IS HEREBY ORDERED:

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this Court, to produce documents containing "patient health information" as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

This Order protects any information that Plaintiff may seek relating to Defendant's clients, including their name, address and/or other personally identifiable information, information related to the past, present or future physical health of Defendant's clients, information created by Defendant that relates to the past, present or future physical or mental health of Defendant's clients, and information about the provision of health care to Defendant's clients. Such information is protected by Defendant's clients' right of privacy and is also considered "protected health information" under HIPAA and its applicable regulations (the "HIPAA Regulations"). See 45 C.F.R. § 160.103. "Protected health information" is defined as information created by a health care provider that relates to the past, present, or future physical or mental health of a patient; the provision of health care to a patient; or the past, present, or future payment for the provision of health care to a patient. See 45 C.F.R. § 160.103. Under HIPAA, PHI generally may not be disclosed or shared. See 45 C.F.R. § 164.502(a).

Defendant constitutes a "covered entity" pursuant to the HIPAA Regulations and, accordingly, Defendant is obligated to protect its clients' PHI from unauthorized disclosure and use. Under limited circumstances, disclosure and use of PHI is authorized, but only under certain conditions specified in the HIPAA Regulations. To the extent such disclosure is authorized, those that disclose, request, or use PHI must make reasonable efforts to limit the disclosure, request, or use of the PHI to the minimum extent necessary to accomplish the

intended purpose of the disclosure, request, or use. See 45 C.F.R. 160.502(b). The HIPAA Regulations may allow disclosure of PHI provided that the parties stipulate to, and the Court orders, a "qualified protective order." 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and 164.512(e)(1)(iv)(A). A "qualified protective order" is an order that prohibits use or disclosure of PHI for any purpose other than the litigation for which such information is requested, and requires the return of documents (and all copies) containing PHI at the conclusion of the litigation. See 45 C.F.R. 164.512(e)(1)(v).

Pursuant to the HIPAA Regulations, this Order permits production of Defendants' clients' PHI to the minimum extent necessary as follows. Any PHI disclosed or received by Plaintiff or Plaintiff's counsel in this action shall be used solely for the purpose of this action, and unless the Court rules otherwise, such information shall not be disclosed to any person other than: (a) counsel of record for any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation, trial, or appeal of this action; (c) Plaintiff Sue Good, but only to the extent the information disclosed to Plaintiff relates to services Plaintiff provided to the individual whose information is disclosed; (d) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (e) deponents, trial witnesses, and court reporters in this action to the extent any such deponents or trial witnesses fall within categories (c) through (d) above; and (f) the Court, Court personnel, and jurors.

Nothing in this Order constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege. Moreover, this Order should not be interpreted to or construed as waiving Defendant's right to challenge or object to the relevance or discoverability of any of its clients' PHI, or to otherwise prohibit

Defendant from refusing to produce such PHI based on other valid objections to the discovery of its clients' PHI in the instant action.

The parties are expressly prohibited from using or disclosing the Protected Health Information obtained or produced pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from which such Protected Health Information was obtained, or to destroy Protected Health Information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

**DATED:  June 17, 2009**

> s/ *Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**